The STATE of Ohio, Appellee,

v.

ZUPAN, Appellant.

[Cite as *State v. Zupan* (2000), 138 Ohio App.3d 171.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 99CA007468.

Decided June 21, 2000.

*Gregory A. White*, Lorain County Prosecuting Attorney, and *Robert F. Corts*, Assistant Prosecuting Attorney, for appellee.

*Daniel G. Wightman,* for appellant.

WHITMORE, Judge.

Defendant, Carl B. Zupan, has appealed from a judgment of the Lorain County Common Pleas Court that found him to be a habitual sexual offender. This court reverses the judgment of the trial court.

## I

Defendant was indicted on May 13, 1997, on three counts of rape involving a person under the age of thirteen. One count was dismissed prior to trial. The case proceeded to trial on May 10, 1998. Defendant moved the trial court for acquittal on both counts. The trial court acquitted defendant on one count and submitted the other count to the jury. A mistrial was declared when the jury was unable to reach a verdict.

A new trial was scheduled on the remaining count; however, just prior to the beginning of the second trial, defendant agreed to enter a guilty plea to one count of child endangering, in violation of R.C. 2919.22(A). Defendant was sentenced on September 13, 1999. The trial court held a sexual predator hearing on September 16, 1999.[1] The trial court determined that defendant was a habitual sex offender. Defendant timely appealed, asserting two assignments of error.

## II

### A

"[Defendant's] conviction for the offense of child endangering under R.C. 2919.22(A) was not a sexually oriented offense as defined in Section 2950.01(D) of the Ohio Revised Code."

In his first assignment of error, defendant has asserted that the trial court incorrectly held a sexual predator hearing when defendant had not been convicted of nor pled guilty to a sexually oriented offense. This court agrees.

Pursuant to R.C. 2950.09(B), if an offender is convicted of or pleads guilty to a sexually oriented offense, the trial court is required to conduct a hearing prior to sentencing to determine if the offender is a sexual predator. R.C. 2950.01(D) lists the offenses considered to be sexually oriented offenses. Defendant pled guilty to and was convicted of one count of child endangering, in

---

1. Although the statute requires the hearing to be held prior to sentencing, the parties in this case agreed to postpone the sexual predator hearing until after the sentencing hearing. See R.C. 2950.09(B)(1).

violation of R.C. 2919.22(A). R.C. 2919.22(A) is not listed among the sexually oriented offenses listed under R.C. 2950.01(D). As such, defendant was not convicted of nor did he plead guilty to a sexually oriented offense. The trial court, therefore, improperly found that defendant committed a sexually oriented offense. Defendant's first assignment of error is sustained.

## B

"The trial court erred in finding [defendant] to be a habitual sexual offender since [defendant] does not have a prior conviction for a sexually oriented offense."

In his second assignment of error, defendant has asserted that the trial court incorrectly found him to be a habitual sexual offender because he did not have a prior conviction for a sexually oriented offense. The state has conceded that the trial court's label of habitual sexual offender was in error. The state requests this court to remand this case to the trial court to determine whether appellant should be labeled either a sexual predator or a sexually oriented offender.

R.C. 2950.01(B) defines a "habitual sex offender" as a person who (1) is convicted of or pleads guilty to a sexually oriented offense and (2) has been previously been convicted or pleaded guilty to a sexually oriented offense. Based on this court's determination that the child endangering count to which defendant pled guilty is not a sexually oriented offense and the fact that defendant has not previously pled guilty to nor been convicted of a sexually oriented offense, the trial court incorrectly found defendant to be a habitual sexual offender. Based on this court's resolution of defendant's first assignment of error, the state's request for a remand is denied. Defendant's second assignment of error is sustained.

## III

Defendant's assignments of error are sustained. The judgment of the trial court is reversed.

*Judgment reversed.*

BATCHELDER, P.J., and BAIRD, J., concur.